[No. 9700.   Department Two. — March 29, 1888.]

KATE KIMPLE, APPELLANT, v. MARGARET CON-
WAY ET AL., RESPONDENTS.

DIVORCE — SALE OF COMMUNITY PROPERTY — CONFIRMATION NOT NECESSARY
TO VALIDITY. — Under section 684 of the Code of Civil Procedure, a sale
of community property, made in pursuance of a decree granting a divorce,
is effective and valid without being confirmed by the court, when the
order for the sale does not expressly require a confirmation.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The facts are stated in the opinion of the court.

*D. L. Smoot*, and *Aug. M. Heslep*, for Appellant.

*W. R. Daingerfield*, for Respondents.

SHARPSTEIN, J.—This is an action to quiet title.
Judgment was entered against the plaintiff. She moved
for a new trial, which was denied, and from that order
and the judgment this appeal is taken.

The only question before us is, whether the evidence
is sufficient to justify the decision. The grounds on
which the court below based its decision, as stated in the
transcript, are as follows:—

"Defendants, Margaret and Patrick Conway, were
husband and wife; a divorce was decreed between them,
and their community property, including the land in
controversy, was ordered to be sold by the sheriff,
Mathew Nunan. The sheriff, under the decree, sold the
property to the plaintiff, and, without reporting the sale
to the court, executed a deed for the same to the plaintiff.

"After the execution of the deed, the sale was reported
to the court, and the court refused to confirm it.

"Plaintiff claims title to the land in controversy under
this deed. The sheriff, in executing the decree aforesaid,
was not acting *as sheriff*, but as a *commissioner, an agent*

of the court. As a commissioner, his sale was incomplete until confirmed by the court. The deed made by the commissioner without such confirmation was *void*.

" A certificate of purchase, so called, was issued by the sheriff to the plaintiff. It conveys no title, and is of no effect as a receipt for the money paid by plaintiff on the unconfirmed purchase. Plaintiff's claim of title to the land in controversy, resting solely upon the deed and certificate aforesaid, is entirely without legal foundation."

It appears that the property was sold by an order of the court, which is in the following words: "On motion of counsel for plaintiff, counsel for defendant consenting, it is further ordered and decreed that the property hereinbefore described be sold by the sheriff of the city and county of San Francisco, state of California, in the manner prescribed by law.

"And the said sheriff is hereby ordered and directed to sell said property forthwith and pay the said commissioner and said attorneys the sums of money hereinbefore specified in the order named; and in case a surplus remains, after making such payment, to divide such surplus equally between plaintiff and defendant."

Section 147 of the Civil Code authorizes the court granting a divorce to order a sale of the community property, and a division or other disposition of the proceeds. Section 684 of the Code of Civil Procedure provides that "when the judgment requires the sale of property, the same may be enforced by a writ reciting the judgment or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." The power conferred is ample, and the sheriff appears to have followed the directions contained in the judgment by making the sale in conformity therewith. The judgment did not direct the sheriff to report the sale to the

court for confirmation, and the code does not require the confirmation of such sales. In the absence of such requirement, we are not prepared to hold that the sale and conveyance are void because the sale was not confirmed.

Some judicial sales become complete and valid on being confirmed, and not before, but the code expressly requires confirmation in such cases.

The judgment of the court in this particular was subject to revision on appeal. (Civ. Code, sec. 148.) No appeal was taken, and as the court did not exceed its jurisdiction in the premises, the purchaser who purchased at sheriff's sale cannot, without manifest injustice, be deprived of the property, for which she has paid and received a deed in due form.

In this case neither the code nor the order of the court required that the sale should be confirmed before becoming complete, and we are of the opinion that the court erred in holding that the sale in this case was void for want of such confirmation, and for that error the motion for a new trial should be granted.

Order denying the motion for a new trial reversed.

McFARLAND, J., and THORNTON, J., concurred.

Hearing in Bank denied.